IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUNAI ELECTRIC CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> PERSONALIZED MEDIA COMMUNICATIONS, LLC, <br><br> Defendant. | The Honorable Richard G. Andrews <br><br> Civil Action No. 15-558-RGA |

### PERSONALIZED MEDIA COMMUNICATIONS, LLC'S
### REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
### JURISDICTION PER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

Of Counsel:

Arun Subramanian
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022-6828
Telephone: (212) 471-8346
asubramanian@susmangodfrey.com

Joseph S. Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 653-7820
jgrinstein@susmangodfrey.com

Meng Xi
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3158
mxi@susmangodfrey.com

Dated: October 23, 2015

Edmond D. Johnson (State Bar No. 2257)
James G. McMillan, III (State Bar No. 3979)
PEPPER HAMILTON LLP
Hercules Plaza
1313 N. Market Street, Suite 5100
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6539
johnsone@pepperlaw.com
mcmillanj@pepperlaw.com

*Attorneys for Defendant Personalized Media Communications, LLC*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

A.      FUNAI CANNOT SATISFY THE DELAWARE LONG-ARM STATUTE'S "ARISING FROM" REQUIREMENT TO JUSTIFY ITS REACH OVER PMC ................................................................................................ 1

B.      PMC'S PRIOR SUITS IN DELAWARE ASSERTING DIFFERENT PATENTS DO NOT WARRANT ITS BEING HALED INTO COURT FOR THIS SUIT ................................................................................................................. 5

C.      PMC'S PREVIOUS LAWSUITS ASSERTING DIFFERENT PATENTS IN DELAWARE ARE INSUFFICIENT FOR "CONSENT" .................................. 8

D.      JURISDICTIONAL DISCOVERY OR AN EVIDENTIARY HEARING IS WAIVED ............................................................................................................. 10

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Attorneys Liability Protection Society, Inc. v. Eisenhofer*,
  C.A. No. 10C-08-277, 2011 WL 2089718 (Del. Sup. Ct. Apr. 29, 2011)..........................9, 10

*ActiveVideo Networks, Inc. v. TransVideo Elec., Ltd.*,
  975 F. Supp. 2d 1083 (N.D. Cal. 2013)..................................................................................6

*Avocent Huntsville Corp. v. Aten Int'l Col., Ltd.*,
  552 F.3d 1324 (Fed. Cir. 2008)...................................................................................... *passim*

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009).............................................................................................7, 8

*Boston Sci. Corp. v. Wall Cardiovascular Techs., LLC*,
  647 F. Supp. 2d 358 (D. Del. 2009) ........................................................................................4

*Capriotti's Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*,
  857 F. Supp. 2d 489 (D. Del. 2012) ......................................................................................10

*Cornerstone Techs. L.L.C. v. Conrad*,
  C.A. No. 19712-NC, 2003 Del. Ch. LEXIS 34 (Del. Ch. Ct. Mar. 31, 2003).........................2

*Foster Wheeler Energy Corp. v. Metallgesellschaft AG*,
  C.A. No. 91-214-SLR, 1993 WL 669447 (D. Del. Jan. 4, 1993) .......................................8, 9

*Gen. Foods Corp. v. Studiengesellschaft Kohle mbH*,
  972 F.2d 1272 (Fed. Cir. 1992).................................................................................................6

*Haisfield v. Cruver*,
  C.A. No. 12430, 1994 Del. Ch. LEXIS 155 (Del. Ch. Ct. Aug. 25, 1994) ..............................3

*Kyocera Communications, Inc. v. Potter Voice Tech., LLC*,
  No. 13-CV-0766-H BGS, 2013 WL 2456032 (S.D. Cal. June 5, 2013)..................................5

*Liqui-Box Corp. v. Scholle Corp.*,
  Case No. 12-464, 2013 U.S. LEXIS 84532 (D. Del. June 17, 2013)......................................4

*Motion Picture Patents Co. v. Universal Film Mfg. Co.*,
  243 U.S. 502 (1917) ................................................................................................................6

*Pro Sports Inc. v. West*,
  639 F. Supp. 2d 475 (D.N.J. 2009).........................................................................................6

*Radio Sys. Corp. v. Accession, Inc.*,
  638 F.3d 785 (Fed. Cir. 2011)..................................................................................................8

*Sears, Roebuck & Co. v. Sears plc,*
    752 F. Supp. 1223 (D. Del. 1990) ..................................................................................2, 3, 8

*Sprint Nextel Corp. v. iPCS, Inc.,*
    C.A. No. 3746-VCP 2008, 2008 WL 2737409 (Del. Ch. Ct. July 14, 2008) ..................2, 3, 4

**<u>Statutes</u>**

10 Del. C. § 3104(c) ..........................................................................................................1, 2, 3, 4

35 U.S.C. § 101 ................................................................................................................................3, 7

Case 1:15-cv-00558-RGA   Document 14   Filed 10/23/15   Page 4 of 16 PageID #: 878

Funai misapprehends the Federal Circuit's *Avocent* decision, which sets forth controlling legal principles on the issue of required forum contacts before personal jurisdiction will attach in a declaratory judgment action involving a patent. *Avocent* establishes that not all activities by a defendant are relevant jurisdictional contacts. Instead, only those activities that involve the enforcement or defense of the specific patents that are at issue in the declaratory judgment action need to be considered. Funai simply cannot satisfy *Avocent*. In an effort to fill the factual void and cloud the jurisdictional analysis, Funai devotes its opposition to PMC's enforcement activities with respect to fifteen other patents not at issue in this suit. Funai argues that those patents are "related" to the patents at issue in this case, but Funai is not seeking a declaration as to those other patents. Funai cannot point to a single case subjecting a nonresident defendant to personal jurisdiction in a declaratory judgment action based on the defendant's efforts relating to patents not identified in the declaratory judgment complaint. For these reasons, and those further explained below, Funai's complaint should be dismissed.

**A.   FUNAI CANNOT SATISFY THE DELAWARE LONG-ARM STATUTE'S "ARISING FROM" REQUIREMENT TO JUSTIFY ITS REACH OVER PMC**

Conceding that subsections (c)(2) through (c)(6) of the Delaware long-arm statute are not applicable to PMC, *see* D.I. 13 at 16-20, Funai nevertheless asserts that PMC is subject to 10 Del. C. § 3104(c)(1) to the extent the filing of two previous lawsuits in Delaware qualifies as "transact[ing] business" under subsection (c)(1). But even if previous litigation qualifies as a "business transaction" under the statute, Funai is unable to meet the "arising from" requirement under 10 Del. C. § 3104(c).

To exercise specific personal jurisdiction over a nonresident defendant under the Delaware long-arm statute, courts must find that a plaintiff's cause of action "aris[es] from" a defendant's "jurisdictional act" enumerated in the provisions, such as the "transact[ion of] business" specified in subsection (c)(1). 10 Del. C. § 3104(c)(1) ("As to a cause of action brought by any person arising

1

from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident [who]: (1) Transacts any business or performs any character of work or service in the State[.]" (emphasis added)); s*ee Sears, Roebuck & Co. v. Sears plc,* 752 F. Supp. 1223, 1225-27 (D. Del. 1990). In other words, subsection (c)(1) supplies a basis for personal jurisdiction "only with respect to claims that have a nexus to such forum-related conduct." *See Sprint Nextel Corp. v. iPCS, Inc.*, C.A. No. 3746-VCP 2008, WL 2737409, at *8 (Del. Ch. Ct. July 14, 2008); *Cornerstone Techs. L.L.C. v. Conrad*, C.A. No. 19712-NC, 2003 Del. Ch. LEXIS 34, at *27 (Del. Ch. Ct. Mar. 31, 2003) (quotation marks omitted).

Funai has not—and cannot—point to any such nexus between PMC's alleged "business transactions" (*i.e.*, the prior commencement and prosecution of two unrelated patent infringement suits in Delaware)[1] and Funai's claims in this declaratory judgment action. *Sprint*, 2008 WL 2737409, at *9-10 (declining to apply § 3104(c)(1) because the second action did not "arise[] from the Earlier Delaware Action" that concerned a different, though related, merger involving "[s]imilar facts [but] not the same facts"). Instead of establishing how Funai's declaratory judgment claims with respect to the Patents-in-Suit could possibly "arise from" PMC's prior maintenance of two suits asserting different patents against different defendants, Funai argues that the "arising from"

---

[1] Funai seeks to keep PMC from responding altogether to Funai's arguments with respect to PMC's previous Delaware lawsuits because "PMC should not be permitted to hold back on reasonably expected arguments in its opening brief." D.I. 13 at 19. Contrary to Funai's suggestion, PMC never hid the fact that it previously instituted suits in Delaware in its opening brief. *See* D.I. 11 at 16 ("PMC previously instituted two cases against other, unrelated parties seeking to enforce different patents" in Delaware.). Rather, PMC specifically dismissed Funai's potential argument that "PMC's institution of two patent cases in Delaware is sufficient to subject PMC to specific personal jurisdiction" as improbable because Federal Circuit precedent is clear that only "enforcement proceedings involving the same patent in the same court against other alleged infringers" are relevant to the jurisdictional analysis. *Id.*; *Avocent Huntsville Corp. v. Aten Int'l Col., Ltd.*, 552 F.3d 1324, 1338-39 (Fed. Cir. 2008) (emphasis added). A party who, in good faith, gives short shrift to an argument that it deemed to be antithetical to established precedent in its opening brief should not be penalized on reply. In addition, any alleged failure by PMC to fully address such arguments in its opening brief is a direct consequence of Funai's own failure to plead facts that plainly were in Funai's possession.

requirement can be met so long as PMC's prior enforcement actions involve the "very same family of patents that are at issue here." D.I. 13 at 17. Incredibly, Funai does not cite a single authority in support of this bold assertion. Instead, Funai proposes that a nexus exists between this suit and the prior actions because the Patents-in-Suit share the same specification, title, assignee, and inventors with the patents in the prior actions, and the same legal issues—i.e., prosecution laches and patentable subject matter under 35 U.S.C. § 101—are at play in all three actions.

Funai is mistaken as to the meaning of a causal nexus and what is required to establish it. In determining "whether a cause of action arises from contacts with the forum," courts emphasize that "it is the nature of the <u>acts</u> giving rise to a claim, rather than the nature of the <u>claims</u>" that is relevant to establishing a causal nexus. *Sears*, 752 F. Supp. at 1227 (emphasis added). It doesn't matter that a family of related patents will face similar or even identical legal challenges (e.g., claims of unenforceability or patent-ineligible subject matter) from adversaries; what matters is that the plaintiff must establish how "the defendant's act[s] set 'in motion a series of events which form the basis for the cause of action before the court.'" *Sprint*, 2008 WL 2737409, at *9 (citing *Haisfield v. Cruver*, C.A. No. 12430, 1994 Del. Ch. LEXIS 155, at *12 (Del. Ch. Ct. Aug. 25, 1994)). Alternately, the "arising from" language in § 3104(c) has been construed to require a plaintiff to show the defendant's "acts within the jurisdiction were critical steps in the chain of events resulting in the cause of action before the court." *Sears*, 752 F. Supp. at 1227.

Funai does not even attempt to make such a showing. In this case, the activities or acts setting in motion the events which form the basis for Funai's declaratory judgment suit were PMC's August 10, 2012 notice letter sent to Funai's California subsidiary and the nine licensing negotiation meetings that took place in Japan over the next three years. D.I. 11 at 7, 11. As Funai admitted, the notice letter, the meetings, and the "impasse" the parties eventually reached were the critical steps leading to and prompting Funai's suit, thereby giving rise to this Court's declaratory judgment

3

jurisdiction. D.I. 13 at 10. Notably, the acts which gave rise to Funai's suit—and the only contacts between PMC and Funai—occurred outside of Delaware and thus do not constitute "jurisdictional acts" under the Delaware long-arm statute. *Boston Sci. Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009) (noting § 3104(c)(1)'s requirement that jurisdictional acts "actually t[ake] place in Delaware").

Nor can Funai seriously contend that PMC's institution and maintenance of suits asserting different patents against unrelated parties in Delaware set in motion a series of events which form the basis for or were the relevant "activities that prompted the filing of the [instant] suit." *Liqui-Box Corp. v. Scholle Corp.*, Case No. 12-464, 2013 U.S. LEXIS 84532, at *12 (D. Del. June 17, 2013) ("[I]n the declaratory judgment context, specific personal jurisdiction determinations are tied to the underlying enforcement activities that prompted the filing of the suit."). Funai itself acknowledges the absurdity of its position when it references the Federal Circuit's holding in *Avocent*, which emphasized that a declaratory judgment claim "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *See* D.I. 13 at 19, 20. A defendant's efforts in enforcing different patents are jurisdictionally irrelevant. *Avocent*, 552 F.3d at 1338-39 (clarifying that only "enforcement proceedings involving the same patent in the same court against other alleged infringers" are to be considered in the specific jurisdiction analysis (emphasis added)).

Accordingly, having failed to establish that its own suit resulted from PMC's acts in enforcing different patents against different parties in Delaware, Funai cannot invoke 10 Del. C. § 3104(c)(1) even assuming, *arguendo*, that the filing of lawsuits may constitute "transacting business" within the meaning of subsection (c)(1). *See Sprint*, 2008 WL 2737409, at *10 (finding no personal jurisdiction under § 3104(c)(1) because plaintiff cannot establish that its suit "arises from" defendant's prior unrelated Delaware suits "even assuming the commencement of [prior] litigation constitutes transacting business within the meaning of 3104(c)(1)").

4

### B. PMC'S PRIOR SUITS IN DELAWARE ASSERTING DIFFERENT PATENTS DO NOT WARRANT ITS BEING HALED INTO COURT FOR THIS SUIT

Funai's constitutional due process arguments hinge on the same mistaken understanding of the law that plagues its arguments regarding the Delaware long-arm statute. Funai proffers two reasons why jurisdiction over PMC would be proper under the due process analysis.

First, Funai claims that PMC's previous enforcement of different patents that share the same specification or priority date as the Patents-in-Suit in Delaware satisfies the "purposefully directed" requirement of due process to support specific personal jurisdiction. D.I. 13 at 20. But Funai misses an important point: for prior enforcement activity to be relevant to the "purposefully directed" analysis, it must concern the same patent or patents-in-suit in the declaratory judgment action. *See* D.I. 13 at 20-21; *Avocent*, 552 F.3d at 1334, 1336 (noting that the Federal Circuit has "found jurisdiction where [the patentee's prior forum activities] in some identifiable way 'relate to' enforcement of th[e relevant] patents in the forum" (emphasis added)) ("[I]f the defendant patentee purposefully directs activities at the forum which relate in some material way to the enforcement . . . of the patent, those activities may suffice to support specific jurisdiction." (emphasis added)). The cases Funai cites likewise emphasize that the "purposefully directed" prior enforcement activities must concern the relevant patent or patents-in-suit. D.I. 13 at 20. The district court in *Kyocera Communications, Inc. v. Potter Voice Tech., LLC* found personal jurisdiction because the defendant had previously filed numerous suits in the district enforcing the '659 patent—the very patent at issue in the declaratory judgment action. No. 13-CV-0766-H BGS, 2013 WL 2456032, *3 (S.D. Cal. June 5, 2013) ("Under Federal Circuit law, a non-resident patentee may be subject to specific jurisdiction in a declaratory judgment action where the patentee has engaged in enforcement or defense efforts related to the patent-at-issue that were purposefully directed at the forum." (emphasis added and citations omitted)). The court in *Pro Sports Inc. v. West* found defendant "West's filing of a prior suit

in New Jersey to enforce the '966 Patent [to be] materially related to th[e] present action" for declaratory judgment concerning the same patent. 639 F. Supp. 2d 475, 482 (D.N.J. 2009).

Funai cites *ActiveVideo Networks, Inc. v. TransVideo Elec., Ltd.* to support its argument that a defendant's prior enforcement of "related patents" in a court constitutes a "purposefully directed" activity that justifies jurisdiction. D.I. 13 at 21. But Funai overstates the *ActiveVideo* holding. In that case, ActiveVideo filed a declaratory judgment action putting into issue two patents, the '936 patent and the '801 patent, owned by nonresident defendant TVE. 975 F. Supp. 2d 1083, 1085 (N.D. Cal. 2013). Previously, however, TVE had brought a total of six cases against various defendants in the district, including three cases that asserted the '801 patent, the very patent at issue in the declaratory judgment case. *See id.* at 1097; *see also* Def.'s Mot. Dismiss at 6, *ActiveVideo Networks, Inc. v. TransVideo Elec., Ltd.*, No. 3:13-cv-01980-EMC (N.D. Cal. July 8, 2013), D.I. 8. The Court rejected TVE's plea to be dismissed from the suit, summarily stating that "it is clear that TVE has engaged in judicial patent enforcement (<u>with respect to the patents at issue</u> or a related patent) in this District multiple times." *ActiveVideo*, 975 F. Supp. 2d at 1097 (emphasis added). Therefore, even Funai's own cited authority involved prior litigation in the district asserting the <u>same</u> patents at issue in the case. Funai fails to cite a single case finding the "purposefully directed" requirement satisfied based solely on contacts related to different patents, especially where a totally unrelated party was the defendant in the prior case. Indeed, this is not just a technical distinction, but a sensible one, because every patent claim is distinct, defines "the boundary" of an invention, and must be proved (or disproved) on its own. *See Gen. Foods Corp. v. Studiengesellschaft Kohle mbH*, 972 F.2d 1272, 1274 (Fed. Cir. 1992) (citing *Motion Picture Patents Co. v. Universal Film Mfg. Co.*, 243 U.S. 502, 510 (1917)). By extension, whether patents share a common disclosure, common priority claim, or were filed on the same day or week is entirely irrelevant to the jurisdictional inquiry. *See* D.I. 13 at 11-14. PMC's enforcement activities with respect to other patents and different defendants, even

where the cases involved purported "related" patents, have nothing to do with Funai's present lawsuit challenging different patents and claims.

Funai next makes the tenuous, but by now familiar, assertion that because PMC's prior Delaware actions "raised identical issues" such as invalidity under §101 and unenforceability due to prosecution laches, PMC's prior actions are necessarily "related to the present suit" for personal jurisdiction purposes. D.I. 13 at 21. This assertion is also wide of the mark. As an initial matter, the issues will not be "identical" given that different patents, claims, and claim language are at issue in these cases; in fact, that is the very reason why personal jurisdiction is lacking here. To the extent Funai argues that the cases raise "similar" issues, that is wholly irrelevant to any jurisdictional inquiry. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018-20 (Fed. Cir. 2009). Whether Funai shares a legal claim or litigation strategy with the *Philips* or *Amazon* defendants relates in no material way to PMC's efforts in enforcing the Patents-in-Suit in Delaware. Certainly, this action can be "related" to the previous suits in the colloquial sense that the types of claims Funai asserts may overlap or share underlying facts with claims asserted by the previous defendants. However, as discussed previously, colloquial "relatedness" is not the type of jurisdictional, "arises out of" relatedness required by precedent.[2] Jurisdictional analysis of a defendant's in-forum activities must be patent specific: "<u>not just any activities related</u> to the patent-at issue" will do, "[r]ather, the relevant activities are those that the defendant purposefully directs at the forum which relate in some

---

[2] Funai cites various argument by counsel purporting to show that PMC conceded that all of the patents it previously asserted in this Court are related, or that PMC's prior suits are related to each other because the suits overlapped in facts and issues. *See* D.I. 13 at 9-10, 18. PMC does not dispute these prior representations: PMC's patents are related in that they belong to the same family, descend from common applications, and share similar claim terms; and PMC's prior suits in Delaware share a commonality in that both previous defendants sought to litigate the issue of prosecution laches. However, such relatedness is irrelevant to the analysis at bar because jurisdictional "relatedness" in the patent declaratory judgment context is patent specific: it is concerned only with a defendant's prior in-forum enforcement of the very patent(s) at issue now in the declaratory judgment lawsuit—not related patents.

7

material way to the enforcement or the defense of the patent." *Autogenomics*, 566 F.3d at 1019-20 (emphasis added); s*ee also Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011).

Because Funai's declaratory judgment action neither arises out of nor relates to PMC's actions directed at the forum state of Delaware or its residents, an exercise of specific jurisdiction over PMC would not be proper. *See Sears*, 752 F. Supp. at 1229.

### C. PMC'S PREVIOUS LAWSUITS ASSERTING DIFFERENT PATENTS IN DELAWARE ARE INSUFFICIENT FOR "CONSENT"

As a last-ditch effort, Funai asserts a basis for jurisdiction never mentioned in its complaint: consent. Funai leans heavily on *Foster Wheeler Energy Corp. v. Metallgesellschaft AG* to argue that PMC somehow "consented" to the jurisdiction of this Court over all patent-related claims because it previously litigated two patent infringement suits in Delaware. D.I. 13 at 14. A review of *Foster Wheeler* and related cases, however, belies Funai's contention. Two lawsuits—neither for declaratory judgment—were at issue in *Foster Wheeler,* C.A. No. 91-214-SLR, 1993 WL 669447 (D. Del. Jan. 4, 1993). In the first suit, MG sued Foster Wheeler for patent infringement; Foster Wheeler counterclaimed, asserting its own patent infringement claims against MG. *Foster Wheeler*, 1993 WL 669447 at *1. Then Foster Wheeler filed a second suit in the same district court against MG asserting the same infringement claims it raised as counterclaims in the first suit. *Id.* After successfully dismissing Foster Wheeler's counterclaims in the first suit, MG moved to dismiss the second suit on the basis that the court lacked personal jurisdiction over MG. *Id.* In denying the motion, the Court reasoned that "it would defy logic and basic standards of fairness to allow MG to enjoy the full benefits of access to this Court *qua* plaintiff [Foster Wheeler], while nonetheless retaining immunity from the courts' authority *qua* defendant [MG] in respect to claims by the very party [Foster Wheeler] it was suing there[.]" *Id.* at *3 (quotation marks omitted). The Court held that an exercise of personal jurisdiction over MG would be proper because of the "logical relationship" between Foster

8

Wheeler's <u>identical</u> claims for patent infringement in the two suits—brought as counterclaims in the first suit and affirmatively in the second suit. *Id.* at *4.

The type of "logical relationship" at issue in *Foster Wheeler*—one party's voluntary assertion of the <u>same</u> patents and claims against the <u>same</u> party in a separate case—is absent here. *See id.* at *4. Here, PMC had never litigated against Funai. Second, unlike in *Foster Wheeler*, where the plaintiff's claims were identical to its counterclaims as a defendant in the first suit, here, Funai's declaratory judgment claims implicate patents that were not at issue in PMC's prior cases. Each claim of the Patents-in-Suit challenged by Funai—not any other claims, and certainly not the claims of the different patents PMC previously asserted against unrelated parties—must be proved to be not infringed, invalid, and/or unenforceable in their own right.

Funai cites a single unpublished Delaware Superior Court case, *Attorneys Liability Protection Society, Inc. v. Eisenhofer*, to argue that *Foster Wheeler*'s holding may extend to situations where the subsequent plaintiff was not a defendant to the previous suit. D.I. 13 at 15 n.5. But even if *Eisenhofer* is interpreted as not requiring parallel suits or identical parties, it, like *Foster Wheeler*, requires a connection between the subsequent claim and the previous claim that is lacking here. In *Eisenhofer*, the defendant was found to have implicitly consented to the court's personal jurisdiction when his previously filed federal class action suit against a law firm for malpractice "spawned" the closely related suit by plaintiff ALPS, the law firm's insurance carrier, in which ALPS sought a declaratory judgment that it did not owe a duty to defend or indemnify the law firm. C.A. No. 10C-08-277, 2011 WL 2089718, at *1-2 (Del. Sup. Ct. Apr. 29, 2011). The Superior Court found personal jurisdiction to be proper because both suits were ultimately based on the same underlying transaction—the law firm's representation of the defendant—and, "[h]aving come to Delaware to sue the law firm, [the] Defendant impliedly agreed to participate in litigation here over insurance potentially covering his damages." *Id.* at *2. In addition, the defendant "tacitly admit[ted] an interest in the ALPS's policy's

9

proceeds" such that when he "sued the law firm for legal malpractice, he could have anticipated litigation in Delaware between the law firm and its carrier over coverage of his claim." *Id.*

Just as the *Foster Wheeler* plaintiff's claims for patent infringement in the second suit were brought as counterclaims to MG's first suit and therefore "logically related," in *Eisenhofer* ALPS's claim against the defendant bore a connection to the claim in the earlier suit because it could have been asserted as a third-party claim against the law firm. Unlike *Foster Wheeler* and *Eisenhofer*, there is no direct, transactional relationship between Funai's claims against PMC and PMC's claims against the Philips and Amazon defendants. For instance, Funai could not have requested declaratory relief or intervened with respect to the Patents-in-Suit in either the *Philips* or the *Amazon* lawsuits because different patents, asserted technologies, and parties were at issue. Funai's request for this court to radically expand Delaware's doctrine of consent outside its logical boundaries and into uncharted waters should be rejected. *Cf. Capriotti's Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*, 857 F. Supp. 2d 489, 501 (D. Del. 2012) (The "broad[] reasoning" behind consent is that "out-of-state defendants who filed lawsuits in a [first suit against the plaintiff] waived their right to assert . . . [a] lack[] of personal jurisdiction [in the second suit filed] for purposes of <u>adjudicating claims which were related to the same facts which gave rise to the [first] suit</u>." (emphasis added)).

### D.  JURISDICTIONAL DISCOVERY OR AN EVIDENTIARY HEARING IS WAIVED

Funai does not request jurisdictional discovery or an evidentiary hearing, arguing instead that it has alleged a *prima facie* case to warrant this Court's exercise of personal jurisdiction over PMC. Funai has in effect waived jurisdictional discovery. This Court may and should determine PMC's motion to dismiss solely based on the record before it.

### CONCLUSION

For the foregoing reasons, the Court should grant PMC's motion and dismiss the complaint.

Dated:  October 23, 2015                                         Respectfully submitted,

                                                            By:  /s/ Edmond D. Johnson
                                                                 Edmond D. Johnson (State Bar No. 2257)
                                                                 James G. McMillan, III (State Bar No. 3979)
                                                                 PEPPER HAMILTON LLP
                                                                 Hercules Plaza
                                                                 1313 N. Market Street, Suite 5100
                                                                 Wilmington, Delaware 19899-1709
                                                                 Telephone: (302) 777-6539
                                                                 johnsone@pepperlaw.com
                                                                 mcmillanj@pepperlaw.com

                                                                 *Attorneys for Defendant*
                                                                 *Personalized Media Communications, LLC*

OF COUNSEL:

Arun Subramanian
NY State Bar No. 4611869
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022-6828
Telephone:  (212) 471-8346
asubramanian@susmangodfrey.com

Joseph S. Grinstein
TX State Bar No. 24002188
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 653-7820
jgrinstein@susmangodfrey.com

Meng Xi
CA State Bar No. 280099
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3158
mxi@susmangodfrey.com

11

## **CERTIFICATE OF SERVICE**

I, Edmond D. Johnson, hereby certify that on October 23, 2015, a copy of Personalized Media Communications, LLC's Reply Brief in Support of Motion to Dismiss For Lack of Personal Jurisdiction Per Federal Rule of Civil Procedure 12(b)(2) was electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record:

>John W. Shaw, Esq.
>Jeffrey T. Castellano, Esq.
>Shaw Keller LLP
>300 Delaware Avenue, Suite 1120
>Wilmington, DE 19801

>*/s/ Edmond D. Johnson*
>Edmond D. Johnson (#2257)