# EXHIBIT A

SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR

560 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022-6828

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
|---|---|---|---|
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

ARUN SUBRAMANIAN
DIRECT DIAL (212) 471-8346

E-MAIL ASUBRAMANIAN@SUSMANGODFREY.COM

November 13, 2015

***Via electronic filing and hand delivery***

Judge Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

     RE:  *Funai Electric Co., Ltd. v. Personalized Media Communications, LLC*
        Civil Action No. 15-558-RGA

Dear Judge Andrews:

      Our firm, with Pepper Hamilton LLP, represents defendant Personalized Media Communications LLC ("PMC"). We were distressed to receive the Court's oral order from last Friday relating to the pending motion to dismiss for lack of personal jurisdiction. Our firm has not submitted *pro hac vice* motions in this case yet, but we did hope that they would be granted upon filing, and we certainly hope we can show the Court that this would be warranted despite the Court's view of how the pending motion was briefed. We sincerely apologize to the Court for having caused this issue to arise.

      As this Court observed in its order, our reply brief argued that prior litigation involving different patents and parties failed to meet the "arising from" requirement of section 3014(c)(1) of the Delaware long-arm statute. This argument, and our citation of the *Sprint Nextel* case, was in direct response to Funai's argument in its answering brief that such litigation did in fact satisfy subsection (c)(1). Opposition Br., at 12-16. In making this reply argument, it was not at all our intention to present our best argument on personal jurisdiction as a new argument on reply. To the contrary, we intended to simply repeat (and believed we had) the same argument that we had made in our opening brief with respect to constitutional due process, as described below.

November 13, 2015
Page 2

To establish personal jurisdiction, Funai has to demonstrate that the requirements of *both* the Delaware long-arm statute and constitutional due process are met. *Liqui-Box Corp. v. Scholle Corp.*, Case No. 12-464, 2013 U.S. Dist. LEXIS 84532, at *17-18 (D. Del. June 17, 2013); *Boston Scientific Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 364 (D. Del. 2009). Subsection (c)(1) of the long-arm statute requires a showing of specific jurisdiction, *Liqui-Box*, 2013 U.S. Dist. LEXIS 84532, at *6, and to satisfy constitutional due process Funai must also show specific jurisdiction (or general jurisdiction). We structured our opening brief to argue the long-arm statute first, followed by constitutional due process. In arguing the long-arm statute in our opening brief, we attempted to demonstrate that the facts giving rise to subject matter jurisdiction in this case as pleaded by Funai—PMC's contacts with Funai and indications that PMC might sue Funai—could not support specific jurisdiction. Opening Br., at 6.

We also knew, however, that we needed to confront the issue of PMC's prior patent litigations in this District in the opening brief. The question was whether to address those litigations in the long-arm section of our brief, in the constitutional due process section of our brief, or in both. In retrospect, we should have argued the prior litigations in both sections of our brief, because it would have been clearer to the Court.

What led us to argue about the past patent cases in the constitutional due process section of our opening brief was the fact that personal jurisdiction in the patent context is controlled by Federal Circuit precedent, *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008), and the Federal Circuit case most on point, *Avocent*, addresses the relevance of other *patent* litigation in the context of constitutional due process. But the test under the Due Process Clause is the same as the test under Delaware's long-arm statute—whether the litigation "arises from" the defendant's activities. We described this "arises from" test in our opening brief:

> To establish specific personal jurisdiction, a plaintiff must demonstrate that the defendant has specifically directed its activities at residents of the forum and that the litigation results from injuries that **arise out of** or are related to those activities. *Burger King*, 471 U.S. at 472-73. In other words, a plaintiff's cause of action **must have arisen from** the defendant's enforcement activities involving the relevant patents in the forum state. *Boston Scientific*, 647 F. Supp. 2d at 365.

Opening Br., at 8 (emphasis added); *see also id.* at 10 ("Where a defendant is not subject to general personal jurisdiction in the forum state, a district court may

November 13, 2015
Page 3

nonetheless exercise specific jurisdiction over the defendant, provided that the plaintiff shows that (1) the defendant purposely directed its activities at residents of the forum, (2) the plaintiff's claim **arises out of** or relates to those activities, and (3) assertion of personal jurisdiction does not violate fair play and substantial justice. *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011).") (emphasis added).

We then argued in our opening brief that Funai's claims in this case do not arise from PMC's past patent cases:

> Only activities by a defendant patentee that "include enforcement proceedings involving the same patent in the same court against other alleged infringers—a significant contact with the forum materially related to the enforcement of the relevant patent" are relevant to the issue of specific personal jurisdiction in the declaratory judgment context. *Avocent*, 552 F.3d at 1338-39 (declining to find personal jurisdiction because plaintiff "made no allegation that [defendant patentee] has attempted to enforce these patents in [the forum] court"). *Cf. Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 430 (Fed. Cir. 1996) (reversing dismissal based on lack of personal jurisdiction because, *inter alia*, "[the defendants] have initiated a suit seeking to enforce the same patent that is the subject of this suit against other parties, unrelated to this action, in the same district court"). Because Funai has not—and cannot—allege that PMC has previously litigated the Patents-in-Suit in Delaware, no specific personal jurisdiction may be found based on PMC's maintenance of two cases involving different patents in Delaware.
>
> The Federal Circuit has "consistently required the defendant to have engaged in other activities that relate to the enforcement or the defense of the validity of the relevant patents" to find specific personal jurisdiction. *Avocent*, 552 F.3d at 1334. A defendant's attempts to enforce different patents in the forum state bear no nexus to the plaintiff's suit for declaratory relief, **because such activities do not satisfy the "arises out of or related to" requirement of the jurisdictional analysis**. *See id.* at 1336-37. Thus, under *Avocent*, PMC's maintenance of Delaware suits would be relevant for personal jurisdiction purposes only if they also involved the Patents-in-Suit. But because they involve different patents, **PMC's previous in-state enforcement activities necessarily cannot give rise to specific personal jurisdiction** for this suit, which concerns different patents. *See Radio Sys.*, 638 F.3d

November 13, 2015
Page 4

> at 789; *Xilinx, Inc. v. Papst Licensing GmBH & Co. KG*, Case Nos.
> 14-4963 and 14-4794, 2015 U.S. Dist. LEXIS 90730, at *4,13-16
> (N.D. Cal. July 9, 2015) (finding no personal jurisdiction over a
> defendant patentee despite its having initiated suits against 13
> different companies charging infringement of different patents in
> courts situated in the forum state).

Opening Br., at 11-12 (emphasis added). The *Xilinx* case we cited in our opening
brief specifically addressed, and rejected, the argument that enforcement of other
patents can serve as a basis for personal jurisdiction. *See Xilinx*, 2015 U.S. Dist.
LEXIS at *39-40 ("Plaintiffs' case does not arise out of Papst's enforcement of
other patents. The Federal Circuit has 'consistently' made clear that the 'other
activities' for purposes of personal jurisdiction must relate to 'the relevant
patents.' *Avocent,* 552 F.3d at 1334. Papst's litigations in this state involving other
patents are irrelevant for purposes of specific jurisdiction."). In our view,
therefore, we plainly had argued in our opening brief that PMC's past litigations
did not satisfy the "arises from" portion of the test for specific jurisdiction.

 In its opposition brief, Funai seized on the fact that we chose not to argue
about the past patent cases in the long-arm section of our brief and claimed this
constituted waiver of our right to reply on the issue. Opposition Br., at 15-16. We
believe that Funai's argument unfairly described our brief, given that we had
explicitly argued a lack of specific jurisdiction relating to the past patent cases in
the constitutional due process section of our opening brief, and the placement of
this argument ought not to matter given the equivalence of long-arm and
constitutional due process on the "arising from" issue.[1] So we expressed our
disagreement with Funai's waiver argument in footnote 1 of the reply brief, and
then proceeded to rebut Funai's past-patent-cases argument in the section of the
brief—long-arm—where Funai chose to focus its attention.

 But our treatment of the issue in the opening and reply briefs was the
same. *Compare* Reply Br., at 4 ("A defendant's efforts in enforcing different
patents are jurisdictionally irrelevant. *Avocent,* 552 F.3d at 1338-39 (clarifying
that only "enforcement proceedings involving the same patent in the same court

---

[1] In its opposition brief, Funai suggests that the constitutional inquiry is broader
than the long-arm inquiry, insofar as the *Avocent* case mentions both "arise from"
and "relate to." Opposition Br., at 16. Even if true, however, this point only
underscores the logic behind our placing the past patent cases argument in the
constitutional due process section of our opening brief. If those past patent cases
neither satisfy an "arise from" nor a "relate to" test under the constitutional
standard, then by definition they would not satisfy a singular "arising from" test
for long-arm purposes.

November 13, 2015
Page 5

against other alleged infringers" are to be considered in the specific jurisdiction analysis (emphasis added)).") *with* Opening Br., at 11-12 ("A defendant's attempts to enforce different patents in the forum state bear no nexus to the plaintiff's suit for declaratory relief, because such activities do not satisfy the "arises out of or related to" requirement of the jurisdictional analysis," citing *Avocent*). Again, it was not our intent to present any new arguments, because we believed that this simply reflected the movement of our identical "arises from" argument from the constitutional section of our opening brief to the long-arm section of our reply brief.

We did cite in our reply brief the *Sprint Nextel* case that we did not cite in our opening brief on the issue of (c)(1). We didn't find that (non-patent) case until we started working on our reply, and we cited it in our reply brief to respond to Funai's specific argument that personal jurisdiction under (c)(1) is appropriate because Funai's claims arise from PMC's past litigations in Delaware. Once Funai insisted that the past-patent-case issue be litigated in the long-arm context, we provided what we felt was an appropriate reply by citing *Sprint Nextel*, which demonstrates the same principle we discussed in our opening brief being applied in the (c)(1) context. *See* Reply Br., at 2 ("*Sprint*, 2008 WL 737409, at *9-10 (declining to apply § 3104(c)(1) because the second action did not "**arise[] from** the Earlier Delaware Action" that concerned a different, though related, merger involving "[s]imilar facts [but] not the same facts")." (emphasis added)). We do not believe that the citation of *Sprint Nextel* in any way "sandbagged" Funai, insofar as *Sprint Nextel* merely shows that the long-arm "arising from" standard is the same "arises from" standard that we argued in the opening brief for constitutional due process.

* * *

In hindsight, we regret focusing our "arising from" argument exclusively on constitutional due process in our opening brief, and should also have addressed the same issue in the context of (c)(1). But we represent to the Court that our decision about where to place arguments in our opening brief was in no way an attempt to save our better argument for reply—indeed the same substantive argument was made in both briefs—but rather a natural consequence of where the patent-specific cases that we cited (*e.g.*, *Avocent* and *Xilinx*) were most on-point.

Again, we sincerely apologize to the Court for causing this issue to arise, and we respectfully pray that our privilege to practice in this Court, which is important to the lawyers in this case personally and to our firm generally, will not be impaired by our actions here. We thank the Court for its continued consideration of this matter.

November 13, 2015
Page 6


Respectfully,


_____
Arun Subramanian

cc:  All Counsel of Record (by ECF)