

John W. Shaw
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 - Direct
jshaw@shawkeller.com

November 13, 2015

**BY CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

> Re: *Funai Electric Co., Ltd. v. Personalized Media Communications, LLC,*
> C.A. No. 15-558-RGA

Dear Judge Andrews:

Pursuant to the Court's November 6, 2015 Oral Order, (D.I. 16), Funai Electric Co., Ltd. ("Funai") respectfully submits this letter brief as directed by the Court to address the "'arising from' requirement of section 3104(c)(1)." (D.I. 16).

The Delaware Supreme Court[1] has twice interpreted the "arising from" requirement and has twice held that the statute demands much less than defendant Personalized Media Communications, LLC's ("PMC") suggests. In the first case, the Delaware Supreme Court held that the "arising from" requirement under 10 Del. C. § 3104(c)(1) means that "claims [must] have a nexus to the designated conduct" and that the statute is satisfied if the litigation "has its origin" in the Delaware conduct. *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986). In the second case, decided just this year and not discussed in PMC's reply brief (*compare* Ans. Br. (D.I.) 13 at 12, *et seq.*), the court looked for "an[] action [defendant] has taken in Delaware that derives from the issues that are the focus of this appeal" and noted that the litigation before it had "no connection" to the defendant's Delaware transactions. *Uribe v. Maryland Auto. Ins. Fund*, 115 A.3d 1216, 2015 WL 3536574, at *4 (Del. 2015). Never has the court held that personal jurisdiction exists only where the Delaware transactions were "critical steps" leading to the litigation or that the Delaware transactions set in motion a series of events that prompted the filing of the litigation, as PMC asserts.

Under the correct legal standard, this litigation has the required nexus to PMC's previous assertion of its patents in Delaware. This litigation derives from and has a nexus with, its origin in, and a connection to PMC's earlier patent assertions in Delaware, as argued in D.I. 13 at 13-14. For example, PMC's "'longstanding'" and "'extensive'" history of enforcing its patent portfolio in Delaware created a real and immediate injury and threat of future injury to Funai. (*See* D.I. 13 at 14-15 (quoting PMC)). Thus, this action arises directly from PMC's continuing business, in Delaware, of enforcing its wrongly-extended patents.

---

[1] This Court is obligated to follow the Delaware Supreme Court's interpretation of a Delaware statute. *Carlisle v. White*, 545 F. Supp. 463, 464 (D. Del. 1982) ("[A] federal court must predict what the Supreme Court of Delaware would do if presented with the same set of facts.").

SHAW KELLER LLP
The Honorable Richard G. Andrews
Page 2

   That this litigation arises from PMC's prior Delaware actions is even clearer when the issues in PMC's earlier litigations are considered. As described in detail in Funai's answering brief, (D.I. 13 at 4-10, 13-14, 17-19), both of PMC's prior Delaware actions involved the same defense of prosecution laches, on the same facts.[2] The prior actions shared a prosecution laches defense because, as set forth in D.I. 13, those actions included patents in the chain of priority of the patents-in-suit, as well as patents that were filed the same week as the patents-in-suit, and PMC employed the same strategy to delay prosecution of those patents. PMC even relied on these very same facts to assert that its second Delaware litigation "arose from" its earlier appearance in the Delaware District Court. (D.I. 13 at 14 and n.7). Again, these facts establish a plain nexus between Funai's claims in the present suit and PMC's previous actions in Delaware.

   PMC principally relies on two cases to argue that a different, higher standard should be used to determine whether Funai's claims "arise from" PMC's past Delaware transactions: *Sears, Roebuck & Co. v. Sears PLC*, 752 F. Supp. 1223, 1225-27 (D. Del. 1990), and *Sprint Nextel Corp. v. iPCS, Inc.*, C.A. No. 3746-VCP, 2008 WL 2737409, at *8 (Del. Ch. Ct. July 14, 2008). Neither decision applies the standard articulated by the Delaware Supreme Court, and both decisions create a higher standard based on a discussion in *Sears* of Illinois law that, upon review, provides support for personal jurisdiction under the circumstances here.

   For example, *Sears* derived a heightened standard for "arising from" based on language in two Seventh Circuit cases that applied Illinois law, *In re Oil Spill*, 699 F.2d 909, 917 (7th Cir. 1983) and *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir. 1984). *Sears* described *Oil Spill* as holding that the earlier acts in the state must be "critical steps in the chain of events" that led to the events involved in the later action, *Sears*, 752 F. Supp. at 1227 (quoting *Oil Spill*, 699 F.2d at 917), even though *Oil Spill* set forth the standard differently. *Oil Spill* stated that "the statutory phrase 'arising from' [under the Illinois equivalent of § 3104(c)(1)] 'requires *only* that the plaintiff's claim be one which lies in the wake of the commercial activities by which the defendant submitted to the jurisdiction of the Illinois courts.'"[3] *Oil Spill*, 699 F.2d at 915 (emphasis added) (citation omitted). It then noted that because the defendants' earlier actions in the state were "critical steps" leading to the present claims, the "arising from" requirement was satisfied. *Id.* at 917. Thus, while it held that "critical steps" could satisfy the statute, it did not hold that the prior

---

[2] In a separate section of its brief, PMC claims that the facts are not "identical." (D.I. 14 at 7). But as to the patents in the chain of priority of the patents-in-suit, the issues are, in fact, identical—Funai claims that PMC's actions in delaying the prosecution of those patents amounted to prosecution laches. Those patents were asserted in the C.A. No. 00-1020-GMS (the "Philips Action"), and in that action the parties vigorously litigated the prosecution laches issue. (D.I. 13 at 9, 17-18). Thus as to that portion of Funai's prosecution laches defense, the issues are identical because they involve the same facts regarding the same strategies by PMC for delaying prosecution of the same patents in order to achieve the same grossly extended patent terms.

[3] The Court in *Sears* recognized this connection, noting that "the Illinois terminology of 'lying in the wake of' can be used interchangeably with Delaware's statutory language 'arising from.'" *Sears*, 752 F. Supp. at 1227.

actions *must* be "critical steps" to satisfy the statute.  *Id.*  *Sears* nonetheless adopted the "critical steps" standard that PMC repeats here.

*Sears* similarly misinterpreted *Deluxe Ice Cream*.  That case never mentions a "critical steps" test and, like *Oil Spill*, held that "[j]urisdiction . . . under the 'transaction of any business' provision of the Illinois long-arm statute . . . requires the plaintiff's claim to 'lie[ ] in the wake of the commercial activities by which [the] defendant submitted to the jurisdiction of Illinois courts.'" *Deluxe Ice Cream*, 726 F.2d at 1215 (citation omitted).  In sum, under the cases cited by *Sears*, a claim "aris[es] from" prior actions in the jurisdiction if the claim "lie[s] in the wake of" the defendant's transactions in the state, and those actions need not form "critical steps in the chain of events" leading to the claim.  *Oil Spill*, 699 F.2d at 915.  Funai's claims meet that standard, for the reasons set forth above.

Notably, *Sears* also involved a different, and inapplicable, factual situation.  The claims in *Sears* involved trade name infringement in Delaware and other forums, and the court held that "the rule" for trade name infringement was that "each case of trade name or trademark infringement is a separate tort arising where the confusion to the customer occurs."  *Id.* at 1228; *see also Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, No. CV 14-28-LPS, 2015 WL 4778828, at \*7 n.7 (D. Del. Aug. 13, 2015) (distinguishing *Sears*).  In light of that rule, the court in *Sears* held that the claims from other states did not "arise from" activity in Delaware, because they took place outside of Delaware.  *Sears*, 752 F. Supp. at 1228.  This ruling has no relevance to the present action, where Funai relies exclusively on PMC's actions *in Delaware*.

The second case that PMC cites, *Sprint*, relies almost exclusively on *Sears*, and it is similarly distinguishable both on the facts and because it ultimately applies the erroneous standard set forth in *Sears*.  *Sprint* did involve an attempt to assert personal jurisdiction over a defendant based on a prior litigation in Delaware.  *Sprint*, 2008 WL 2737409 at \*6-7.  In the first action, three Sprint affiliates sued under their management agreements to stop Sprint's merger with Nextel Communications, Inc.  *Id.* at \*3-4.  In the second action, Sprint filed for a declaratory judgment against two of the affiliates and another party, seeking a declaratory judgment that a *different* merger, with a *different* company, would not violate the parties' management agreements.  *Id.* at \*3-5.

The earlier action in *Sprint* thus involved a "completely separate transaction," *id.* at \*9, and would likely fail to meet the "arising from" standard set forth by the Delaware Supreme Court in *LaNuova* and *Uribe*.  Here, in contrast, the two actions are closely related, in that subject matter jurisdiction in the present action arises from PMC's enforcement of related patents in the earlier Delaware actions, along with the presentation of the same issues in this litigation and in PMC's earlier litigations, and because all three cases stem from PMC's strategy of extending the terms of its patents by manipulating the patent office.  Second, the Court in *Sprint* noted that the actions did not involve "the exact same claims."  *Id.* at \*10.  Here, however, as discussed above, at least the prosecution laches defense will involve litigation of some of the exact same claims that were litigated in the Philips Action, and the Section 101 issues in this action will also closely track those decided by the Court in PMC's litigation against Amazon, as discussed in Funai's answering brief, (D.I. 13 at 11).

SHAW KELLER LLP
The Honorable Richard G. Andrews
Page 4

      Ultimately, under the standard for "arising from" that has been set forth by the Supreme Court of Delaware, Funai's claims plainly "arise from" PMC's prior actions in the state. The precedent cited by PMC in its brief is erroneous and easily distinguishable. Funai respectfully requests that the Court deny PMC's motion to dismiss.

      Respectfully submitted,

      */s/ John W. Shaw*

      John W. Shaw (No. 3362)

cc:    Clerk of the Court (by hand delivery)
        Counsel of Record (by CM/ECF)