IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FUNAI ELECTRIC CO., LTD.,          )
                                   )
            Plaintiff,             )
                                   )
    v.                             )        Civ. No. 15-558-RGA
                                   )
PERSONALIZED MEDIA                 )
COMMUNICATIONS, LLC,               )
                                   )
            Defendant.             )

**MEMORANDUM**

Plaintiff Funai Electric Co., Ltd. brought this suit against defendant Personalized Media Communications, LLC ("PMC") on June 29, 2015, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 7,747,217 (the "'217 patent"), 7,752,649 (the "'649 patent"), and 7,752,650 (the "'650 patent") (collectively, the "Patents-In-Suit). (D.I. 1). On September 25, 2015, PMC filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(2), arguing lack of personal jurisdiction. For the reasons that follow, PMC's motion is GRANTED.

Because PMC's reply brief (D.I. 14) raised new arguments, the court *sua sponte* granted Funai a sur-reply and ordered PMC's counsel to show cause why their *pro hac vice* status should not be revoked for saving their better argument for the reply brief. (D.I. 16). PMC filed a timely response. (D.I. 17). In light of the decision regarding PMC's motion to dismiss, the order to show cause is now moot. I will therefore vacate it.

1

## I.   BACKGROUND

Funai is a Japanese corporation with its principal place of business in Japan. (D.I. 1, ¶1). PMC is a Texas limited liability company with its principal place of business in Texas. (D.I. 12, ¶4). The co-inventors of the Patents-in-Suit are two individuals, both residing in New York. (*Id.* at ¶3).

As assignee of the Patents-in-Suit, PMC has sought to license its intellectual property rights in these patents to others, including Funai. (*Id.*). On or about August 10, 2012, PMC's in-house counsel sent a letter to in-house counsel at Funai's subsidiary, Funai Corporation, Inc., based in California. (*Id.* at ¶5). The letter provided Funai with notice of infringement of the Patents-in-Suit. (D.I. 1, ¶6). For the next three years, the parties engaged in discussions regarding infringement and possible licensing of the Patents-in-Suit. (D.I. 12, ¶5). As a part of those discussions, PMC representatives met with Funai representatives in Japan. (*Id.*). No meetings took place in Delaware. (*Id.*).

PMC claims that all of PMC's operations are conducted in either Texas or Virginia. (*Id.* at ¶4). PMC does not regularly conduct business in Delaware. (*Id.*). It is not registered to do business in Delaware, nor does it have a registered agent authorized for receipt of service in Delaware. (*Id.*). PMC has no offices, employees, agents, real estate, or other assets in the state, nor does it own, operate, or manage any entity located or doing business in Delaware. (*Id.*). In addition, PMC does not manufacture or sell any products in Delaware or to Delaware residents. (*Id.*).

Funai does not dispute PMC's assertions. Instead, Funai focuses on the fact that PMC previously filed two actions in this court asserting fifteen patents. (D.I. 13 at 4). The first action, captioned *Pegasus Development Corp. v. DirectTV, Inc.*, C.A. No. 00-1020-GMS, alleged

2

infringement of U.S. Patent Nos. 4,694,490, 4,704,725, 4,965,825, 5,109,414, 5,233,654, 5,335,277, and 5,887,243 (the "'243 patent"). (D.I. 13 Ex. 6). The second action, captioned *Personalized Media Communications, LLC v. Amazon.com, Inc.*, C.A. No. 13-1608-RGA, alleged infringement of U.S. Patent Nos. 7,769,170; 7,783,252; 7,801,304; 7,827,587; 8,046,791; 7,864,956; 7,805,749; 7,940,931; and the '243 patent. (*Id.*). All the patents asserted in those actions as well as the Patents-in-Suit claim priority to the same 1981 and 1987 patent applications. (*Id.*). In addition, Funai states that it will raises legal issues similar to the issues raised in the prior actions, including prosecution laches and § 101. (D.I. 13 at 5).

## II.   STANDARD OF REVIEW

The court must dismiss a case when it lacks personal jurisdiction over a defendant. Fed. R. Civ. Pro. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Traynor v. Liu*, 495 F. Supp. 2d 444, 448 (D. Del. 2007). The plaintiff, however, bears the burden of alleging facts sufficient to make a prima facie showing of personal jurisdiction over the defendant. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270–71 (D. Del. 2001). To meet this burden, the plaintiff must offer facts which "establish with reasonable particularity" that jurisdiction exists. *Id.*

In the absence of consent, personal jurisdiction exists if two requirements are satisfied. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). First, there must be a statutory basis for jurisdiction pursuant to Delaware's long-arm statute. *Id.* Second, the exercise of jurisdiction over the defendant must comport with the Due Process Clause of the Fourteenth Amendment. *Id.* Delaware's long-arm statute "has been broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause." *LaNuova D & B, S.p.A. v. Bowe*

3

*Co., Inc.*, 513 A.2d 764, 768 (Del. 1986). However, the personal jurisdictional analysis "must not be collapsed into a single constitutional inquiry." *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 370 n. 3 (D. Del. 2008).

## III.   DISCUSSION

In opposing PMC's motion, Funai asserts two bases for this court's exercise of personal jurisdiction over PMC: (i) jurisdiction based on consent, and (ii) specific jurisdiction based on the transaction of business in this state.

### A. Consent to Jurisdiction

Funai argues that PMC implicitly consented to the jurisdiction of this court by previously filing two patent infringement suits in Delaware. (D.I. 13 at 10-12). Because the requirement of personal jurisdiction is an individual right, it can be waived by a party's express or implied consent. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982); *Capriotti's Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*, 857 F. Supp. 2d 489, 499 (D. Del. 2012). Determining whether a corporation consented to the personal jurisdiction of the courts of a particular state is a matter to be determined by examination of the law of that state. *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 584 (D. Del. 2015), appeal pending, No. 15–1456 (Fed. Cir.).

Under Delaware law, a party can be considered to have consented to jurisdiction by "instituting another, related suit" that has some "logical relationship" to the present suit. *Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, 1993 WL 669447, at *1, 4 (D. Del. Jan. 4, 1993). Generally, Delaware courts have found that a logical relationship exists where there are parallel suits between identical parties. For example, in *Foster Wheeler*, the court found that it had personal jurisdiction over Metallgesellschaft AG ("MG") as to Foster Wheeler's claim against MG

4

for patent infringement, because MG had procured a dismissal of that exact claim when it was a counterclaim in a parallel suit by MG against Foster Wheeler. *Id.* at *4; *see also Capriotti's*, 857 F. Supp. 2d at 499 (finding that a franchisor-defendant consented to jurisdiction in Delaware district court by initiating a second suit against franchisee-plaintiff in Delaware state court with mirror-image claims). Here, Funai cannot demonstrate the same type of logical relationship, because PMC has never brought a suit against Funai in Delaware.

Funai cites a single Delaware case, *Attorneys Liability Protection Society, Inc. v. Eisenhofer*, to argue that *Foster Wheeler*'s holding may extend to situations where the parties are not identical. (D.I. 13 at 15 n.5). But even in *Eisenhofer* there was a logical relationship between the parties in the first and second suits. The defendant in Delaware state court previously filed a class action in Delaware federal court against a law firm for malpractice. *Attorneys Liab. Prot. Soc'y, Inc. v. Eisenhofer*, 2011 WL 2089718, at *1 (Del. Sup. Ct. Apr. 29, 2011). The plaintiff in Delaware state court was the law firm's insurance carrier. *Id.* It sought a declaratory judgment that it did not owe a duty to defend or indemnify the law firm in the federal class action. *Id.* The Delaware Superior Court found personal jurisdiction to be proper because, having come to Delaware to sue the law firm, the defendant "impliedly agreed" to participate in "closely related" litigation based, in part, on the same transaction. *Id.* at *2. In comparison, Funai has not demonstrated the same type of close relationship between this suit and PMC's earlier suits on other patents against unrelated defendants sufficient to find PMC impliedly consented to jurisdiction in Delaware.

## B. Specific Jurisdiction Pursuant to Delaware's Long Arm Statute

Subsection (c)(1) of Delaware's long-arm statute provides that specific personal jurisdiction is proper over any nonresident who, in person or through an agent, "[t]ransacts any

business" in the State, so long as the claims in question "arise out of" that transaction of business. 8 *Del. C.* § 3104(c)(1); *Gould v. Gould*, 2011 WL 141168, at *8 (Del. Ch. Jan. 7, 2011). Thus, "even a single transaction is sufficient if the claim has its origin in the asserted transaction." *Uribe v. Maryland Auto. Ins. Fund*, 2015 WL 3536574, at *4 (Del. May 21, 2015) (quoting *LaNuova*, 513 A.2d at 768).

Funai argues that PMC voluntarily transacted business in Delaware by filing two patent infringement actions in this court. (D.I. 13 at 13). Filing an action in Delaware constitutes a business transaction for the purposes of subsection (c)(1). *Gould*, 2011 WL 141168, at *8; *see also Microsoft Corp. v. Amphus, Inc.*, 2013 WL 5899003, at *12 (Del. Ch. June 27, 2013) (noting parties' agreement that filing of a patent infringement claim constituted an act of business under subsection (c)(1)). The issue for Funai is whether its action for declaratory judgment "arises out of" PMC's earlier patent enforcement actions. Funai argues that this is not a demanding standard. (D.I. 18).

PMC's earlier enforcement actions in Delaware involved different parties and different patents. Regardless, Funai claims that this action "arises out of" PMC's earlier Delaware actions because all of the patents have the same title, assignees, and inventors, and most of them share the same specification. (D.I. 13 at 13). Moreover, all of the patents claim priority to the same family of patents, and share common ancestors. (*Id.*). Finally, PMC's earlier Delaware litigations—like this litigation—involve the same issues of prosecution laches and § 101. (*Id.*).

As an initial matter, a defendant's other patent enforcement activities "need not be directed at the declaratory judgment plaintiff." *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d 1083, 1097 (N.D. Cal. 2013); *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008). Thus, it is not relevant to the jurisdictional analysis that Funai had

no involvement in PMC's earlier lawsuits. However, it is also not relevant to the jurisdictional analysis that Funai will raise similar legal issues regarding prosecution laches and § 101. It is the "nature of the acts giving rise to a claim, rather than the nature of the claims, that determines whether a cause of action *arises from* contacts with the forum." *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2737409, at *9 (Del. Ch. July 14, 2008) (emphasis in original ) (quoting *Sears, Roebuck & Co. v. Sears plc*, 752 F. Supp. 1223, 1226-27 (D. Del. 1990)). The crux of the issue is whether Funai's claims has its origin in the same facts giving rise to PMC's earlier patent enforcement activities.

Delaware courts have not addressed whether a declaratory judgment action regarding patent non-infringement, invalidity, and unenforceability "arises out of" defendant's earlier patent enforcement actions. Federal courts, however, have analyzed the "arises out of" requirement in the context of determining whether constitutional due process is satisfied because the test is the same—whether the litigation "arises from" the defendant's activities. *See Boston Sci. Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 365 (D. Del. 2009) ("For the court to exercise specific personal jurisdiction consistent with due process, plaintiff's cause of action must have arisen from the defendant's activities in the forum state."). Thus, review of federal decisions can be illuminating.

Under the law of the Federal Circuit, only activities that relate to the enforcement of the patents-in-suit are relevant to the "arises out of" analysis. *Avocent*, 552 F.3d at 1332–33. Accordingly, federal courts have found that a plaintiff's declaratory judgment action arises out of defendant's prior actions enforcing the same patents at issue. *See Kyocera Commc'ns, Inc. v. Potter Voice Tech., LLC*, 2013 WL 2456032, at *3 (S.D. Cal. June 5, 2013) (finding personal jurisdiction over a non-resident defendant because plaintiff's declaratory judgment action arises

out of or relates to defendant's activities in the forum enforcing the very same patent at issue); *Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 482 (D.N.J. 2009) (same); *ActiveVideo*, 975 F. Supp. 2d at 1097 (finding that defendant's six earlier patent infringement actions involving the same and related patents gave rise to the later declaratory judgement action). In contrast, federal courts have found that a plaintiff's declaratory judgment action does not arise out of defendant's enforcement of *other* patents. *See Xilinx, Inc. v. Papst Licensing GMBH & Co.KG*, 2015 WL 4149166, at *12 (N.D. Cal. July 9, 2015) (finding that plaintiffs' case does not "arise out of" defendant's prior litigation in the state involving other patents).

Delaware cases suggest that the Delaware Supreme Court would adopt a similar analysis. In *Uribe v. Maryland Automobile Insurance Fund*, the Delaware Supreme Court affirmed a decision finding no personal jurisdiction pursuant to subsection (c)(1) over a non-resident insurance company. 2015 WL 3536574, at *4 (Del. May 21, 2015). The court rejected plaintiffs' argument that defendant's earlier filings in Delaware of several unrelated insurance suits satisfied the "arising out of" requirement. *Id.* The court explained that for the purposes of subsection (c)(1), lawsuits that did not involve the same insurance policies under which plaintiffs were covered had "no relation whatsoever to the subject of the action at issue." *Id.*

Similarly, in *Sprint Nextel Corp. v. iPCS, Inc.*, the Delaware Court of Chancery declined to find that a second action "arose from" an earlier action, despite the fact that the earlier action involved the same contracts, same provisions, and same parties. 2008 WL 2737409, at *10. The first Delaware action determined whether Sprint's operation of Nextel's iDEN network pursuant to the Sprint-Nextel merger violated the exclusivity provisions in the management agreements with Sprint PCS affiliates. *Id.* at *2. In the second Delaware action, the Sprint PCS affiliates claimed that Sprint again violated the exclusivity provisions in the management agreements by entering

8

into a transaction with Clearwire Corporation to operate a future broadband wireless network based on technology using the Woldwide Inter-Operability for Microwave Access standard. *Id.* at \*3-4. The dispositive factor for the court was that the underlying facts of each action were sufficiently different from and independent of the other. *Id.* at \*9-10.

Funai claims that *Sprint-Nextel* applied a higher standard than required by the Delaware Supreme Court. (D.I. 18). Funai focuses on the court's statement in *Sprint-Nextel* that the arising out of requirement was not satisfied because defendant's earlier actions were not "critical steps in the chain of events resulting in the cause of action before the court." *Id.* at \*10. However, that was not the sole basis for the court's conclusion. The court also considered whether, under *Foster Wheeler*, a case on which Funai heavily relies, the two actions had a "logical relationship." *Id.* The court concluded that the Sprint PCS affiliates failed to demonstrate a logical relationship as well, because although the claims arose out of the same contracts, they involved different underlying factual contexts. Finally, the court in *Sprint Nextel* quoted the standard set forth by the Delaware Supreme Court in *LaNuova* that a claim arises out of a transaction where "the claim has its origin in the asserted transaction." *Id.* at \*7 n. 51 (citing *LaNuova*, 513 A.2d at 768). Thus, I disagree with Funai's argument that *Sprint Nextel* is a departure from the standards set forth by the Delaware Supreme Court.

In conclusion, Funai has not demonstrated that its claims arise out of PMC's transaction of business in this state as required by Delaware's long-arm statute. Because this court cannot exercise personal jurisdiction over PMC pursuant to Delaware's long-arm statute, I do not need to consider PMC's constitutional right to due process.

## IV.    CONCLUSION

For the foregoing reasons, PMC's motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(2)

(D.I. 10) is GRANTED.  The court's order to show cause (D.I. 16) is moot.  That order is therefore

VACATED.  An appropriate order will be entered.

Dated: January ___, 2016

UNITED STATES DISTRICT JUDGE

10